SALLEE v. THE CINCINNATI STREET RY. CO.

(Decided July 7, 1930.)

*Mr. Thos. L. Michie,* for plaintiff in error.
*Mr. James G. Stewart,* for defendant in error.

Ross, J.   This case comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered for the de-

fendant street railway company upon a verdict instructed at the close of the evidence of the plaintiff.

The plaintiff, Albert Sallee, brought suit against the street railway company, alleging in an amended petition that, while crossing Main street, in the city of Cincinnati, at the regular crossing at Thirteenth street, he was struck by a street car of the defendant company and severely injured, as a result of the negligence of the defendant, which it is alleged consisted in operating a one-man street car at an excessive and dangerous rate of speed, without sounding any gong or warning. It is further alleged that plaintiff looked both ways before attempting to proceed across the crossing, and perceived a street car coming toward him from the south, almost a square away. The ordinance of the city of Cincinnati giving pedestrians the right of way on street crossings was also pleaded. It is as follows:

"The right-of-way upon street crossings and on the space from the nearest curb to and from a Safety Zone shall, in all cases, be given to pedestrians by all vehicles of every kind, except as provided in Section 680-56."

The answer, as a first defense, pleaded a general denial, and, as a second defense, sole negligence of the plaintiff.

A reply was filed denying the new matter alleged in the answer.

The evidence shows that Thirteenth street, running from the east, jogs north as it intersects Main street, and that the plaintiff was proceeding eastwardly on a crossing which ran from the south curb of the west continuation of Thirteenth street to the north curb of the east continuation of Thirteenth

street; that, before proceeding to cross, he looked to the north and south, and observed a street car approaching from the south about a square away; that, upon reaching the track upon which this car was running, he stopped to permit an automobile approaching from the east to continue west; that he then made a step, looked up, and the street car was upon him. There is evidence that the street car was moving rapidly, that it was a vehicle operated by a single employee, and that no gong or other warning signal was given of its approach. The plaintiff was severely injured. Many pages of the record are occupied in an endeavor to show that the plaintiff was a transient police character with no steady employment. The trial court said:

"Plaintiff might have been justified in proceeding across the street without exercising any further care than looking before he stepped from the curb, but the very fact that he hesitated, or stopped, or halted on account of an automobile approaching, imposed on him a further duty to exercise ordinary care, and, if necessary, to look again. Apparently he didn't do that. His own testimony shows that he didn't do that; that he deliberately stopped on the track in front of the car."

It is undisputed that, before proceeding across the street, the plaintiff in error used proper care in ascertaining that he could do so in safety. Upon reaching a point more than halfway across, he was confronted with the approach of an automobile coming directly toward him from the east, and in its course intersecting the path he was traveling. In response to its signal, he permitted it to pass, although he had the right of way. He had placed the

street car in his mind as being at sufficient distance, if it was proceeding at a reasonable speed and with due regard to his presence in the street, to give him time to reach the opposite curb. After the automobile had passed, he had three choices—to stand still, to go forward, or to step backward.

The trial court found him guilty of contributory negligence as a matter of law because his judgment prompted him to make a choice which resulted in his injury in this particular instance. Another case may be presented where a choice of either of the other alternatives would have produced disastrous results.

The case in our opinion presents an ideal question for the jury to determine whether his choice was negligence. Bad judgment cannot be synonymous with lack of care. The trial court found that he did not look again before stepping upon the track of the street car; that this raised a presumption of negligence which the plaintiff did not rebut. Under the city ordinance, he had more than equal right with the street car in the street, upon the crossing; if complying with the law himself, he had the right of way. This in itself is enough to rebut any presumption of negligence, if such existed.

"Hindsight is always better than foresight." It is easy to say now what the plaintiff in error should have done, but his position as a pedestrian upon a proper crossing in the midst of confusing traffic, under the protection of a right of way secured to him by the city ordinances, and entitled to rely upon warning from approaching vehicles, which he had a right to presume would proceed at reasonable speeds consistent with his presence and the presence of other traffic in the street, must all be taken into con-

454

sideration before any court can say as a matter of law that he is guilty of contributory negligence.

We find ourselves unable to formulate a rule of law applicable to the facts in this case whereby we may find as a matter of law that, because under such circumstances the plaintiff in error did not elect to adopt some other alternative, or did not look before stepping on the track, he was guilty of negligence. The rules applicable to steam railroads cannot be applied under the conditions appearing in this record.

The judgment of the court of common pleas is reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and HAMILTON, J., concur.