## DREIHS v
## TAXICABS OF CINCINNATI, INC

Ohio Appeals, 1st Dist, Hamilton Co

No 4227. Decided Feb 27, 1933

Dinsmore, Shohl & Sawyer, Cincinnati, for plaintiff in error.

John M. McCaslin, Cincinnati, for defendant in error.

ROSS, J.

A great deal of the record is occupied by testimony of witnesses referring to a plat which is not before this court, and their description of what occurred, while probably aided by this plat for the advantage of the trial court and jury is valueless for the purpose of review by this court. Such factor must be considered by this court in passing upon the weight of the evidence, it being obvious that the trial court and jury would receive a much clearer conception of what occurred than one reviewing a record containing continuous references to a plat not before the reviewing court.

The evidence is filled with sharp conflicts as to the location and movement of vehicles and the actions of the parties involved.

There is evidence that the plaintiff alighted from a bus on the east side of Vine Street, north of Forest Avenue. He says he intended to cross over to a grocery store on the southwest corner of Vine Street and Woolper Avenue to get some tobacco. Whatever his intention in this respect may have been, he was almost wholly influenced by what then immediately occurred for his attention was directed to children in the vicinity of the store. A ball with which they were playing rolled diagonally across the street to a point in the east side of Vine Street approximately opposite to where the plaintiff was still standing, it is to be remembered some distance north of Forest Avenue and on the east sidewalk of Vine Street. A street car was proceeding southwardly on Vine Street and stopped to take on or discharge passengers at a loading platform on the west side of Vine Street and north of Woolper Avenue, and also at a point some little distance north of where plaintiff was standing. He became alarmed for fear the children would pursue the ball and signalled to them to remain where they were, and then attempted to kick the ball over to them. The ball rolled westwardly across Vine Street, struck one of the south bound tracks and was diverted southwardly along this track. The plaintiff evidently was somewhat perturbed over this, and again signalled the children to remain out of the street, and as soon as the street car had passed southwardly on Vine Street, he followed the ball, stooped down, picked it up, threw it to the children, and as he was rising, according to his own admissions, collided with the **side** of the taxicab, which he had not observed, proceeding southwardly on Vine Street. He was at this time in the south bound street car track near its west rail, and a few feet north of a point where the south sidewalk of Woolper Avenue, if extended would have crossed Vine Street.

The trial court excluded all ordinances applying to the rights and duties of pedestrians at street intersections. In this, we think the trial court was entirely correct, and for more than one reason.

In the first place, as previously noted, the plaintiff had abandoned the idea of "crossing" the street except as a secondary consideration. He was attempting to retrieve the ball and see that it was returned to the children, and in this was prompted by a most praiseworthy desire to prevent the children from placing themselves in the

very position of danger which he unwittingly assumed.

In the next place, none of these ordinances without amplification, which is not warranted by a court, applies to a "crossing," such as the plaintiff would have been required to make if he were simply "crossing" Vine Street. In such a case as this where the continuation of the sidewalks extend into the center of the opposite street, or arrive at points considerably below or above the sidewalks of such street, there can be no application of the ordinance requiring procedure at right angles, nor does the ordinance defining "street crossing" apply, for this latter ordinance applies to "intersecting streets."

There is also no evidence of any designated crossing and, of course, the crossing northwardly on Vine Street is not involved.

In the case of **Sallee v The Cincinnati Street Ry. Co., 38 Oh Ap, 450 (10 Abs 435)**, the south sidewalk of one street continued into the north sidewalk of the other, which presents a different state of facts.

Under such circumstances as prevailed here, the only rules to be applied in the absence of proof of a designated crossing are: first, the statutory requirement to look before leaving the curb, and the rule requiring the exercise of the care which an ordinarily prudent person would exercise under similar circumstances, and the court in answering the inquiry of the jury correctly applied this latter rule to the question propounded.

There was no evidence that the taxicab driver saw the plaintiff in a position of peril. However, the court charged upon the doctrine of last clear chance at the request of the plaintiff. We find no facts warranting the application of this doctrine, which under the recent decision of the Supreme Court has a most limited application. **Cleveland Ry. Co. v Masterson, 126 Oh St 42,** (Ohio Bar Association Report, February 6, 1933). Its presence in many cases has been properly criticized by the Supreme Court. It only applies where the negligence, if any, of the plaintiff has ceased and the defendant knows of the plaintiff's peril, and can, with the use of care which an ordinarily prudent person would use under similar circumstances, avoid the injury. Its injection into ordinary negligence cases, as this case, only confuses the jury and injects issues which have no place in the proceeding.

The facts in the instant case present, when stripped of all confusing matter foreign to the issues involved, a simple problem for the jury involving merely whether the defendant was guilty of negligence and whether the plaintiff used the care in doing what he was attempting to do which a reasonably prudent person would use under the same or similar circumstances.

It is claimed that the trial court having charged on the doctrine of last clear chance erred in submitting a charge upon contributory negligence, which, in passing, we note counsel for plaintiff in error has misquoted in their brief. In the first place the doctrine of last clear chance had no place in the case, and in the second place, where the evidence is in such sharp conflict as in the instant case, alternative conditions are presented permitting of the application of alternative rules of law.

In the case of **Bartson, etc. v Craig, etc., 121 Oh St, 371,** it is held that if the special charge states a correct rule of law applicable to the facts it must be given, although there may be other charges applicable to other facts which would modify the rule stated. In that case the rule of contributory negligence applicable to adults was sustained in a case involving a minor plaintiff, a much stronger case than that presented here.

It may well happen that in a given case some evidence may show that the negligence of the plaintiff ceased and the other elements of the doctrine being sustained the jury may well apply the doctrine, while other evidence of equal force may show the negligence of the plaintiff to have continued and be a direct contributing cause of his injuries. In such a case it becomes a question of fact for the jury, and it must determine which evidence it will believe and consequently by which of two applicable rules of law, properly given it will be governed.

In the instant case, however, there can be no question but that the charge on contributory negligence was proper and required.

Some complaint is made that the court placed a higher degree of care upon plaintiff than is required. The charge of the court and its answer to the jury's question, as previously noted, stated the rule correctly, to-wit: that under the statute he is required to look before leaving the curb and under the rule applicable to such cases he is thereafter required to use the care which a reasonably prudent person would use under the same or similar circumstances.

While there are many parts of the evidence which present sharp conflicts and

some statements especially of the employee of the defendant which seem unreasonable, we can not usurp the function of the jury and credit any part of the evidence as against any other portion thereof, especially in view of what we have heretofore noted. There was ample evidence justifying the verdict of the jury upon either of the issues properly presented to it.

An examination of the entire record causes us to conclude that no error intervened, prejudicial to plaintiff in error. The judgment of, the Court of Common Pleas is therefore affirmed.

HAMILTON, PJ, and CUSHING, J, concur.